UNITED STATES of America, Plaintiff—Appellee,

v.

**Peter M. GATLIN, a.k.a. Peter Gatlin, a.k.a. Peter Marshell Gatlin, Defendant—Appellant.**

No. 10–50623.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Oct. 28, 2011.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Ami Sheth, Assistant U.S., Office of U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Stephanie Ames, Esquire, The Law Office of Stephanie Ames, Santa Monica, CA, for Defendant–Appellant.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

## MEMORANDUM [**]

Peter M. Gatlin appeals from the 60–month sentence imposed following his guilty-plea conviction for passing materially altered postal money orders, and aiding and abetting, in violation of 18 U.S.C. §§ 500, 2(a), and for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gatlin contends that the district court gave undue weight to his extended criminal history and to additional conduct described in the presentence report ("PSR"), and that his sentence is substantively unreasonable. The district court's consideration of conduct described in the PSR was not improper, see United States v. Columbus, 881 F.2d 785, 787 (9th Cir.1989), and

the sentence is reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Valencia–Barragan, 608 F.3d 1103, 1108–09 (9th Cir.2010).

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).